UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION

---

In Re:

STEVEN JAY GRIM and DARCY JOAN GRIM,

                                            Debtors.

Case No. 18-35641-cgm

Individual Case under Chapter 11

---

STEVEN JAY GRIM'S and DARCY JOAN GRIM'S PLAN OF REORGANIZATION, DATED NOVEMBER 04, 2019

ARTICLE I

SUMMARY

    This Chapter 11 Plan ("Plan") proposes to restructure the financial affairs of the above-named Debtor(s) (collectively, "Debtor") under Chapter 11 of the Bankruptcy Code (the "Code") to pay creditors from their future income. The Plan provides for one class of secured claims; two classes of unsecured claims; and no classes of equity security holders. Unsecured creditors holding allowed claims will receive distributions of approximately 2.5 cents on the dollar. This Plan also provides for the payment of administrative and priority claims [if payment is not in full on the effective date of this Plan with respect to any such claim (to the extent permitted by the Code or the claimant's agreement), identify such claim and briefly summarize the proposed treatment.]

    All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information about this Plan and the rights of creditors and equity and security holders is available to supplement this Plan. Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one (if you do not have an attorney, you may wish to consult one.)

ARTICLE II

CLASSIFICATION OF CLAIMS AND INTERESTS

    2.01    Class 1.    All allowed claims entitled to priority under §507 of the Code (except administrative expense claims under §507(a)(2), and priority tax claims under §507(a)(8)).

Payment in full over the five-year term of this Plan.

    2.02    Class 2.    All unsecured claims allowed under §502 of the Code.

1

Class 2(a).    General unsecured claim for debts incurred within 90 days of filing on November 14, 2018 will receive payment in full over the five year Plan.

Class 2(b).    General unsecured claims not incurred within 90 days prior to November 14, 2018 will be paid to the amount of 2.5% of their claimed value, plus any additional funds from claims collections.

Class 2(c).    General unsecured college loans that are not discharged in bankruptcy.

2.03    Class 3.    Class of General Unsecured Disputed Claims.

This class will consist of any claims that are filed from parties not listed in the current schedule F of the Debtor; or any claim that exceeds the amount listed for it by more than 5%.

Equity interests of the Debtor have not been determined.

ARTICLE III

TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEE FEES, AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims. Under §1123(a)(1), administrative expense claims and priority tax claims are not in classes.

3.02    Administrative Expense Claims. Each holder of an administrative expense claim allowed under §503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms agreed upon by the holder of the claim and the Debtor.

3.03    Priority secured Tax Claims. Each holder of a priority or secured tax claim will be paid in full to the extent of the claim actually filed and allowed.

3.04    United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the confirmation date or the date of the confirmation order, whichever is sooner.

ARTICLE IV

TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    Claims and interests shall be treated as follows under this Plan:

2

1. Unclassified Priority and Secured Property Tax Claims

Unimpaired; paid in increasing stepped-up installments (monthly) over five years for full payment:

    A. Priority secured property tax claims filed by the Ulster County Department of Finance will receive adequate protection interest payments prior to confirmation, the amount to increase after confirmation to full payment within five years.

    B. Secured property tax claim filed by Dutchess County Office of Finance. Full payment within five years.

Class 2(b) - General unsecured claim of Pinnacle Credit Services will be paid 2.5% of the allowed amount of the claim filed in increasing stepped-up installments (monthly); or an allowed one time payment. Impaired.

Class 2(c) - Nelnet, Navient Solutions, and GLHEC college loans are not discharged through bankruptcy but they are in deferment for the duration of the bankruptcy Plan. Debtor will see if the pre-bankruptcy availability for income-based repayment plans for the loans are still available after the effective date of the Plan. These claims are eligible for payment behind the unimpaired property taxes and ahead of any Class 2(b), general unsecured claims. Impaired.

Class 4 – (disputed claim) will receive no payment until a determination to allow the claim is made under Article V of this Plan.

ARTICLE V

ALLOWANCE AND DISALLOWANCE OF CLAIMS

    5.01    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the debtor has scheduled such claim as disputed, contingent, or un-liquidated.

    5.02    Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

    5.03    Settlement of Disputed Claims. Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

ARTICLE VI

PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01   Assumed Executory Contracts and Unexpired Leases.

(a)   Debtor Darcy Grim (formerly Emmons) assumes the following executory contract, created in November and December of 1975, and effective upon the date of the entry of the order confirming this Plan:

"The Conservator's Agreement",

[a custodial trust document for operating, controlling, and preserving the *John Burroughs Riverby Study National Historic Landmark* ].

ARTICLE VII

MEANS FOR IMPLEMENTATION OF THE PLAN

Debtor will fund the Plan from personal income, rental income, and income generated by activities related to the landmark. A not-for-profit tenant is being sought to lease / purchase portion(s) of the landmark. This will both generate revenue to fund the Plan and also reduce the ongoing property tax burden that is the primary cause of Debtor's bankruptcy.

ARTICLE VIII

GENERAL PROVISIONS

8.01   Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

8.02   Effective Date of Plan. The effective date of this Plan is the first business day following the date that is 14 days after entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated.

8.03   Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04   Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05   Captions. Then headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

4

8.06  Controlling Effect. Unless a rule or law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of New York govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07  Retention of Jurisdiction. After confirmation, the court retains and may exercise jurisdiction over any other proceedings, whether or not commenced or contemplated as of the Effective Date, regarding the implementation, interpretation, or enforcement of this Plan or the administration of the bankruptcy case or estate. This retention of jurisdiction, however, will end on the later of (a) two years after the Effective Date, (b) as to any then-pending adversary proceeding or contested matter, when it is finally resolved by a judgment or order, or (c) as to an individual Debtor's discharge, when that discharge is granted or denied by final order.

Date: November 04, 2019
West Park, New York

_____
Steven Jay Grim

_____
Darcy Joan Grim a/k/a
Joan C. Grim,

Pro Se Debtors
15 Riverby Lane
P O Box 75
West Park, New York 12493
home: (845) 834-6040
cell:   (845) 453-5759
gpinemarten@aol.com

5